**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | **OPINION & ORDER** |
| v. | : | Cr. No. 02-0581 (WHW) |
| JOHNSY AGOSTO | : | |
| Defendant. | : | |

**Walls, Senior District Judge**

    Defendant Johnsy Agosto moves pro se for a reduction in his sentence in light of the recently passed Fair Sentencing Act of 2010. The United States opposes the motion.[1]

    Agosto pled guilty in October 2002 to knowingly and intentionally distributing and possessing with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A). Agosto was subject to a mandatory minimum sentence of ten years of imprisonment. In March 2003, the Court sentenced him to 135 months of imprisonment, but later, in 2008, reduced that sentence to 120 months based on an amendment to the Sentencing Guidelines.

    President Obama signed the Fair Sentencing Act in August 2010. The Act raised, from 50 grams to 280 grams, the amount of cocaine base required to trigger the mandatory minimum sentence. *See* Pub. L. No. 111-220. Agosto was sentenced under the previous version of the law and thus subject to the mandatory minimum.

---

[1] Agosto has not filed a reply to the Government's opposition papers.

1

**NOT FOR PUBLICATION**

Under the new law, Agosto would not have been subject to the mandatory minimum sentence. He argues that the Act applies retroactively to his sentence. However, Congress did not expressly make the Act retroactive to previously imposed sentences. When an act that amends the penalties for a criminal offense is silent on its retroactive effect, the general saving statute applies. *See generally United States v. Jacobs*, 919 F.2d 10 (3d Cir. 1990). The saving statute states that "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide." 1 U.S.C. § 109. This statute "bar[s] application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense." *Warden v. Marrero*, 417 U.S. 653, 661 (1974). The saving statute therefore prevents the Fair Sentencing Act from operating retroactively absent any indication from Congress. Since there is no indication in the Act that it applies retroactively, it cannot help Agosto here.[2]

**IT IS ORDERED** that defendant's motion for reduction of his sentence is **DENIED.**

November 22, 2010

/s/ William H. Walls
United States Senior District Judge

---

[2] The Court notes that although the Third Circuit has yet to specifically rule on the retroactivity of the Fair Sentencing Act, every Circuit court to have thus far considered the Act's retroactive effect on previously imposed sentences has concluded that the Act does not apply retroactively. *See, e.g.*, *United States v. McAllister*, No. 10-4387, 2010 U.S. App. LEXIS 23485 (4th Cir. Nov. 12, 2010); *United States v. Hall*, No. 09-10216, 2010 U.S. App. LEXIS 23423 (9th Cir. Nov. 10, 2010); *United States v. Glover*, No. 09-1725-cr, 2010 U.S. App. LEXIS 22211 (2d Cir. Oct. 27, 2010); *United States v. Bell*, Nos. 09-390 & 09-3914, 2010 U.S. App. LEXIS 21614 (7th Cir. Oct. 20, 2010); *United States v. Brown*, No. 10-1791, 2010 U.S. App. LEXIS 21135 (8th Cir. Oct. 12, 2010); *United States v. Gomes*, 621 F.3d 1343 (11th Cir. 2010); *United States v. Carradine*, 621 F.3d 575 (6th Cir. 2010).